UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SUPPRESSED / FILED
DEC - 3 2020
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:20CR00757 MTS/NCC |
| DARION NORRIS, | ) |
| Defendant. | ) |

### COUNTS 1-4
### [WIRE FRAUD: 18 U.S.C. § 1343]

### INTRODUCTION

1. From at least as early as October of 2016 through in or about April of 2020, defendant **DARION NORRIS** ("Norris") devised and intended to devise a scheme to defraud "E.H.," a national car rental company headquartered in the Eastern District of Missouri, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

2. Norris is not presently and has never in the past been an employee of E.H.

3. Since at least 2016, Norris has reserved E.H. rental cars for his customers throughout the United States and caused those rentals to be direct-billed to corporations with whom E.H. has established direct-billing relationships.

4. Norris charged his customers booking fees for the car rental reservations he booked.

5. Norris made E.H. rental car reservations through legitimate car rental websites for himself and his customers.

1

6. When Norris's customers picked up their rental cars at E.H. rental locations, they simply provided the reservation number and their driver's license and were then allowed to leave with the rental car without providing payment since the car rentals were billed directly to E.H. corporate clients.

7. From 2016 through April of 2020, Norris operated his scheme from various locations in the Atlanta, Georgia metro area, including his apartment, located at ### Evergreen Way, Stockbridge, Georgia.

8. Norris made some of the reservations himself. On other occasions, his customers would make reservations themselves and provide their reservation number to Norris, who would later edit the reservation to cause the rental to be direct-billed to one of many E.H. corporate customers.

9. Since 2016, Norris has been responsible for booking more than 200 car rental reservations through E.H.'s internet website.

10. E.H. is headquartered in St. Louis, Missouri in the Eastern District of Missouri.

11. All E.H. car rental reservations, including those made through the Internet, are routed through E.H.'s computer servers, which are located in the Eastern District of Missouri.

### MANNER AND MEANS

12. It was a part of the scheme that Norris personally made E.H. car rental reservations for his customers and caused those reservations to be direct-billed to various corporations when Norris' customers were not, in fact, employees of those corporations.

13. It was further a part of the scheme that Norris secured E.H. car rental reservations for customers A.N., T.P., and Norris himself, and caused the resulting car rentals to be charged to corporations who have direct-billing contracts with E.H.

14. It was further a part of the scheme that Norris would also have a customer reserve an E.H. car and then provide the reservation number to Norris, who would then apply the corporate code so the cost was billed to a company.

15. It was further a part of the scheme that before Norris secured a reservation for a customer, he would charge a booking fee to the customer.

16. It was further a part of the scheme that customers paid these booking fees using a number of means, including peer to peer payment platforms such as Venmo, PayPal and Cash App.

17. It was further a part of the scheme that all the fraudulent E.H. car rental reservations made by Norris originated from computers located in Georgia and were routed through E.H.'s servers, which are located in the Eastern District of Missouri.

18. It was further a part of the scheme that Norris was responsible for making more than 200 fraudulent E.H. car rental reservations and caused the resulting rentals to be direct-billed to various corporations without the authorization of E.H. or those corporations.

19. It was further a part of the scheme that, of the more than 200 fraudulent online E.H. car rental reservations Norris attempted to make, more than 100 resulted in actual car rentals.

20. It was further a part of the scheme that when Norris's customers picked up their rental cars at E.H. rental locations, they provided the reservation number and their driver's license and were then allowed to leave with the rental car without providing payment since the car rentals were billed directly to E.H. corporate clients.

21. It was further a part of the scheme that the fraudulent car rental reservations made by Norris resulted in an actual loss to E.H. of more than $466,000. Loss resulted from the lost revenue to E.H. for the vehicles that Norris rented, as well as damages that many vehicles sustained prior to being returned.

## COUNTS 1-4

22. Paragraphs 1-21 are hereby realleged and incorporated herein.

23. On or about each of the dates set forth below, in the Eastern District of Missouri and elsewhere, defendant **DARION NORRIS**, for the purpose of executing the scheme described above, and attempting to do so, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| COUNT | RESERVATION DATE | CUSTOMER |
|---|---|---|
| 1 | April 28, 2017 | Darion Norris |
| 2 | November 17, 2017 | Darion Norris |
| 3 | April 21, 2018 | A.N. |
| 4 | August 3, 2018 | T.P. |

All in violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION

1. The allegations contained in Counts 1-4 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the offenses in violation of Title 18, United States Code, Section 1343 set forth in Counts 1-4 of this Indictment, the defendant, DARION NORRIS, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

3. If any of the property described above, as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence;

  b.  has been transferred or sold to, or deposited with, a third party;

  c.  has been placed beyond the jurisdiction of the court;

  d.  has been substantially diminished in value; or

  e.  has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c). All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).


Dated: _____        A TRUE BILL.


                     _____

                     FOREPERSON

                     JEFFREY B. JENSEN
                     United States Attorney


                     _____

                     Edward L. Dowd III, #61909(MO)
                     Assistant United States Attorney